UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Marlin Jones, #14039-021, | ) | C/A No.  2:13-4-TMC-BHH |
| | ) | |
| Plaintiff, | ) | |
| | ) | REPORT AND RECOMMENDATION |
| vs. | ) | |
| | ) | |
| Federal Bureau of Prisons, | ) | |
| | ) | |
| Defendant. | ) | |

This is a civil action filed *pro se* by a federal prison inmate.  Pursuant to 28 U.S.C. §636(b)(1), and District of South Carolina Local Civil Rule 73.02(B)(2)(e), this magistrate judge is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the District Court.  See 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

## BACKGROUND

This is a Federal Torts Claim Act ("FTCA") case filed by a federal prisoner, Marlin Jones ("Plaintiff"), who was formerly housed at FCI-Bennettsville in South Carolina. Plaintiff alleges that he injured his hand in a work-related accident when he worked in the kitchen at FCI-Bennettsville.  He filed a Form 95, the FTCA claim form, with the Bureau of Prisons ("BOP"), seeking damages in the amount of $ 10,000.  He alleged in his FTCA claim and in his Complaint in this case that the dishwasher door that caused his injury "was not in working order and needed repairing prior to this incident." (ECF No. 1, at 3).

Plaintiff pursued the FTCA administrative exhaustion process and his claim was denied based on the agency's determination that his was a "work-related injury" and that

the exclusive remedy for that when a federal prisoner is involved is the Federal Prison Industries' Inmate Accident Compensation System, 18 U.S.C. § 4126 ("IACA"). (ECF No. 1, attach. 1, at 11). Plaintiff was told that he could file a lawsuit based on his claim within six months from the date the decision was mailed. *Id*. This lawsuit resulted.

## INITIAL REVIEW

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's *pro se* Complaint filed in this case. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, and the Prison Litigation Reform Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden*, *Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89 (2007). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *De'Lonta v. Angelone*, 330 F. 3d 630, 630n.1 (4th Cir. 2003). Nevertheless, the requirement of liberal construction does not mean that this court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990). However, even under this less stringent standard, the Complaint filed in this case

is subject to summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B).

## DISCUSSION

Plaintiff's Complaint is subject to summary dismissal because, as the he was informed by the BOP during his pursuit of administrative remedies, the IACA is the exclusive remedy for his work-related injuries allegedly incurred through BOP's or one or more of its employees' or officials' negligence. *See* 18 U.S.C. § 4126. As previously discussed, Plaintiff seeks to recover damages for injuries that he sustained while working for the prison's food service at FCI-Bennettsville. Specifically, he argues that his injuries were a result of the BOP's failure to provide properly working and maintained kitchen equipment for its employees. Additionally, he alleges that the BOP allowed its employees to order him to perform his job without taking sufficient precautions.

He filed his claim with the BOP as one under the FCTA, but it was ultimately denied administratively because the FTCA's waiver of immunity for tort claims does not apply when a plaintiff is already covered by a comprehensive federal compensation statute. *United States v. Demko*, 385 U.S. 149, 152 (1966) ("Where there is a compensation statute that reasonably and fairly covers a particular group of workers, it presumably is the exclusive remedy to protect that group"). The Supreme Court recognized in *Demko* that the IACA, which provides compensation benefits to prisoners who are injured in the course of their employment, is one such comprehensive federal compensation statute. *Id.* at 152–53; *see also Aston v. United States*, 625 F.2d 1210, 1211 (5th Cir. 1980) (injuries sustained by federal inmates while working are not covered by the FTCA). It is settled that prisoners covered by the IACA are precluded from bringing a claim for work-related injuries through the FTCA. *Demko*, 385 U.S. at 153–54. Consequently, this court is deprived of jurisdiction

over any FTCA claim that Plaintiff attempts to raise, and, to the extent that it is construed as seeking to assert a claim under the FTCA, his Complaint is subject to summary dismissal. *United States v. Cole*, 376 F.2d 848, 849 (1967) (citing *Demko*); see *Wooten v. United States*, 825 F.2d 1039, 1044 (6th Cir. 1987) (IACA covers the aggravation of the pre-existing back problem caused by the prison job).

Furthermore, although there is authority for the proposition that a prisoner whose injuries are covered by the IACA is not precluded from bringing a *Bivens* action against arguably responsible based on the factual scenario that resulted in the work-related injuries under certain circumstances, those circumstances are not present here. *See, e.g.*, *Smith v. United States*, 561 F.3d 1090, 1103 (10th Cir. 2009); *Bagola v. Kindt*, 131 F.3d 632, 637-45 (7th Cir. 1997); *Webb v. Lappin*, No. 1:07cv1203 (LO/BRRP) , 2008 WL 4360995, *5 (E.D. Va. Sept. 122, 2008) (collecting unpublished cases from 4th Circuit district courts and from other courts). For example, Petitioner does not name a person as a defendant who could be liable under the *Bivens* Doctrine. The BOP is not a proper defendant in a *Bivens* case. *F.D.I.C. v. Meyer*, 510 U.S. 471, 486 (1994) ( *Bivens* is not applicable to agencies of the Federal Government). Also, there are no allegations to the effect or from which it may be inferred that the conditions of the work area where Plaintiff was injured were so problematic and/or known to be so dangerous as would show indifference to inmate safety rising to the level of a constitutional violation. *See Daniels v. Williams*, 474 U.S. 327, 328-36 (1986) ( negligence is not actionable under *Bivens*). Accordingly, this court cannot liberally construe a viable *Bivens* action from the allegations contained in Plaintiff's Complaint. No other potential claim falling with this court's subject matter jurisdiction is evident on the face of the pleading, and, thus, summary dismissal without service on

Defendant is required in this case.

## **RECOMMENDATION**

Accordingly, it is recommended that the District Court dismiss the Complaint in this case *without prejudice*. *See Denton v. Hernandez*; *Neitzke v. Williams; Haines v. Kerner; Brown v. Briscoe*, 998 F.2d 201, 202-04 (4th Cir. 1993); *Boyce v. Alizaduh; Todd v. Baskerville*, 712 F.2d at 74; *see also* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

Plaintiff's attention is directed to the important notice on the next page.

s/Bruce Howe Hendricks
United States Magistrate Judge

February 7, 2013
Charleston, South Carolina

5

**Notice of Right to File Objections to Report and Recommendation**

Plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Judge.  **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.**  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Larry W. Propes, Clerk of Court**
> **United States District Court**
> **Post Office Box 835**
> **Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).